UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY AUCIELLO, #291220,

        Petitioner,

v.                                                    CASE NO. 08-12443
                                      HONORABLE ANNA DIGGS TAYLOR

THOMAS K. BELL,

        Respondent.
_____/

**ORDER DISMISSING HABEAS CORPUS PETITION,
DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL,
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. Introduction**

    This matter is pending before the Court on Jerry Auciello's *pro se* complaint for the writ of habeas corpus and motion for appointment of counsel. The complaint and exhibits indicate that Petitioner was convicted of criminal sexual conduct in Washtenaw County, Michigan. On November 19, 1999, Petitioner was sentenced to imprisonment for five to fifteen years, and on August 18, 2005, he was released on parole. On March 3, 2006, Petitioner was charged with violating the conditions of parole, but he was reinstated on parole following a preliminary hearing on March 20, 2006. On September 15, 2006, Petitioner was placed on a tether, and on November 29, 2006, he was charged with violating several technical conditions of parole. He pleaded guilty to three of the four charges and was returned to prison after the Parole Board revoked his parole. In July of 2007, the Michigan Parole Board declined to release Petitioner on parole.

    Petitioner filed his complaint for the writ of habeas corpus on June 9, 2008. He subsequently

was released on parole, but, according to Respondent, Petitioner once again failed to comply with the conditions of parole and was taken into custody. As of December 11, 2008, when Respondent filed his answer to Petitioner's complaint, Petitioner was expected to be released on parole on December 12, 2008.

## II. Discussion

Petitioner argues that the alleged violation of the conditions of parole in 2006 was, in essence, a mere conflict between him and his parole agent regarding time and his tether device. Petitioner also claims that he had a high score on the Michigan parole guidelines and that the Michigan Parole Board did not provide substantial and compelling reasons for keeping him incarcerated after the Board revoked his parole. He seeks a new parole hearing. Respondent argues that Petitioner's claims are moot, are not cognizable on habeas review, or lack merit.

Article III of the United States Constitution extends judicial power to cases and to controversies. *See* U.S. CONST. art. III, § 2, cl.1. "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (citing *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 38 (1976)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . [I]t is not enough that a dispute was very much alive when [the] suit was filed . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (citations and internal quotation marks omitted).

If an event occurs that makes it impossible for a court to grant any effectual relief, the case must be dismissed, *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992), because

"[f]ederal courts lack jurisdiction to decide moot cases . . . ." *Iron Arrow Honor Soc'y*, 464 U.S. at 70 (citing *Dfunis v. Odegaard*, 416 U.S. 312, 316 (1974)). "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology*, 506 U.S. at 12 (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

Records maintained by the Michigan Department of Corrections on its official website (www.Michigan.gov/corrections) indicate that Petitioner was released on parole on September 24, 2008. Because Petitioner sought and was granted release on parole after he filed his habeas petition, his request for a new parole hearing is moot as to the 2006 charges and the 2007 decision denying him release on parole.

Even if Petitioner's claims are not moot, he has no federal constitutional right to be released on parole, *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex,* 442 U.S. 1, 7 (1979), and in Michigan, "a prisoner's release on parole is discretionary with the parole board." Mich. Comp. Laws § 791.234(11); *see also Hopkins v. Mich. Parole Bd.*, 604 N.W.2d 686, 691 (1999) (stating that "specific determinations whether to release prisoners on parole rest within the Parole Board's discretion"). Because parole discretion is broad in Michigan, the State has not created a protected liberty interest by enacting procedural rules. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). "Where an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

Petitioner's claim that the Parole Board failed to show substantial and compelling reasons for not releasing him on parole raises only a state law question, *see* Mich. Comp. Laws

§ 791.233e(6),[1] which is not cognizable on habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (stating that "federal habeas corpus relief does not lie for errors of state law"); *see also Kissane v. Jones*, 89 Fed. App'x. 577, 578 (6th Cir. 2004) (explaining that, "to the extent the petition claims that the Parole Board violates state law . . . it fails to state a basis for federal habeas corpus relief").

For the forgoing reasons, the complaint for a writ of habeas corpus (Doc. 1) is **DISMISSED**, and Petitioner's motion for appointment of counsel (Doc. 5) is **DENIED** as moot. The Court declines to issue a certificate of appealability, because Petitioner has not shown that reasonable jurists could disagree with the Court's "resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 537 U.S. 322, 327 (2003). Petitioner may not appeal this decision *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).


DATED:  February 5, 2009                                s/Anna Diggs Taylor
                                                        ANNA DIGGS TAYLOR
                                                        UNITED STATES DISTRICT

---

[1] This statute provides:

(6) The parole board may depart from the parole guideline by denying parole to a prisoner who has a high probability of parole as determined under the parole guidelines or by granting parole to a prisoner who has a low probability of parole as determined under the parole guidelines. A departure under this subsection shall be for substantial and compelling reasons stated in writing. The parole board shall not use a prisoner's gender, race, ethnicity, alienage, national origin, or religion to depart from the recommended parole guidelines.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 5, 2009.

Jerry Auciello, #291220
Parr Highway Correctional Facility
2727 East Beecher St.
Adrian, MI 49221

                                        s/Johnetta M. Curry-Williams
                                        Case Manager